# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## SECOND JUDICIAL DISTRICT.

APRIL TERM, 1837.

---

## FEAGAN v. MEREDITH.

1. If a mechanic undertake to build a "good rough stone wall," and he builds one in a very unworkmanlike manner, he cannot recover any thing for his labour.
2. Nor will payment of part of the stipulated price, and a promise to pay the balance, before the defect in the work is discovered, constitute such an *acceptance* of the work as to impose any obligation on the employer to pay the balance.

APPEAL from the circuit court of Monroe county.

*P. Williams,* for appellant:

This was an action of assumpsit, brought by Feagan against Meredith, before a justice of the peace. The trial was by jury, verdict and judgment thereon for $20 in favour of the plaintiff. From which judgment, the defendant appealed to the Monroe circuit court, where the cause was tried again. Being submitted to the court without the intervention of a jury—upon which trial, judgment was rendered against the plaintiff: afterwards the plaintiff or appellee filed his motion for a new trial, which was overruled by the court; to which opinion the appellee excepted, and now brings his cause into this court by appeal to reverse the judgment below, refusing to grant a new trial to the plaintiff.

The first point that the appellant here relies on for a new trial is, that the finding of the court is contrary to evidence. The appellant contends that the evidence strong-

66

ly preponderates in favour of the appellant, and he should therefore have recovered in the court below. This court has laid down the doctrine upon which they will grant new trial, and reverse the judgment of inferior courts. In the case of Singleton v. Mann, 2nd vol. of D. S. Court, page 464 ; that the evidence must strongly preponderate against the verdict. The appellant proves by the Biggers that the work and labour was done by the appellant for the appellee, and that appellee furnished the rock ; that the work was measured and amounted to $30 at 50 cents per perch ; and that the appellee on the day the work was completed, paid the appellant $10, in part for the work, and asked indulgence for the residue. And further, the cellar was generally wet, and the water had been bailed out of the cellar by Scoby repeatedly ; and that the work seemed well done, but that it was a single tier wall ; and therefore, in the opinion of Adams, the witness, the weight of the house caused the wall to spring, and that the house or wall was not square, but which he did not know ; the wall being a single tier, caused it to spring in the centre, and that the witness, with a crow-bar, threw down and rebuilt about ten perches, for which the defendant paid him $5. And Biggers states that the defendant never, as he heard of, complained of the work, until the wall fell down, which happened in one or two months after its completion, as stated by Scoby, the defendant's witness. And Biggers stated, and gave it as his opinion, to the defendant, that it was probable that the mud and the water in the cellar had softened the foundation, so as to make the wall give way ; and, that he had worked several years at the business, and he had recently examined the wall, a part of which has been rebuilt, and it seems to do well, and that the work looks very well for such a rock wall ; and on examination of the foundation, the ground seemed soft in places, and in other places frozen, and that the wall seemed well done. This is the substance and weight of the testimony adduced upon the trial by the plaintiff.

The appellant holds the law to be this : In an action of assumpsit for work and labour done, that the plaintiff upon this evidence must recover, unless the defendant proves that the work as done did not answer the purpose for which it was intended, and that the defendant derived no benefit from the work. This doctrine is settled in the case of Duncan vs. Blundell, 3 Stark. 1 Chitty on Con. 168, N. P. Rep. 6. It has also been laid down, as good law in the case of Hayward vs. Leonard, 7 Pick-

ering, that when there is a contract to furnish materials and do the work, and it is not done as stipulated for in the contract, so that the price agreed on cannot be recovered—yet the workman may recover on the quantum meruit for the work, and on the quantum valebant for the materials, if the work and materials are of any value and benefit to the other party. The evidence in this cause clearly shows that the wall is now supporting the defendant's house, and that he has paid $5 for repairing or rebuilding a part of the wall only, and that the abutment for the chimney is standing and doing well, notwithstanding two or three of the joints were not well broken. The evidence shows that the cellar was generally wet, and the witness Scoby had bailed the water out of the cellar often. It is a fair inference from the testimony, that the weight of the house on the top of the wall, and the water in the cellar may have caused the wall to spring or fall down without any fault of the plaintiff's work; particularly, if the fact be, that the house was not square, and it is evident that the wall or house one was not square, from the evidence of Adams, the defendant's witness.

The plaintiff holds the law to be this: That in an action for work and labour, the defendant cannot defeat the plaintiff's right to recover upon the ground set up here by the defendant, after the work was accepted and made use of by the defendant, (in the absence of any contract between the parties as to the manner of its execution,) and for aught this court knows, the plaintiff in erecting a single tier wall out of the rock furnished by the defendant, may have done every thing by the defendant's direction.

We, therefore, contend that the judgment of the court below is contrary to law and evidence, and will be reversed, and a new trial awarded upon the law arising from the facts in this cause.

*U. Wright,* for appellee :

The case is properly stated in the appellant's brief.— The only question which arises, is, whether the court erred in refusing a new trial. I insist that the verdict was right, according to the evidence and the law. See the evidence, as preserved in the bill-of exceptions—and Helm vs. Wilson, M. Decisions, p. 41.

2nd. If the verdict was not right, the contrariety of evidence makes it a case for a jury, which the court, on well established principles of law will not disturb. See

Feagan
v.
Meredith.

Feagan
v.
Meredith.

2 vol. M Dec., Singleton vs. Mann, p. 464, which is a leading case on the subject of new trials.

Statement of the case and opinion of the court, delivered by TOMPKINS, Judge.*

Feagan brought his action against Meredith, before a justice of the peace, where he obtained a judgment. Meredith appealed from the judgment of the justice to the circuit court. The judgment of the justice was reversed by the circuit court; and a new trial being refused, Feagan, the plaintiff, before the justice, appeals to this court.

From the evidence preserved in the bill of exceptions, it appears that Feagan undertook to build a good rough cellar wall of stone for Meredith, and that sometime in February, 1836, the wall was built. A part of the wall fell down one or two months after it was built. One of the witnesses states that he was requested to see it, and give an opinion; and that, having examined the cellar, he found a part of the bottom covered with water, and a part frozen; that he did not know whether the foundation of the wall was softened by the water, so as to cause the wall to fall. Another witness stated that, in August, he went to Meredith's house to build this wall, and found it (to use his own language) *had not then fallen down, but was swagged all along one side, from corner to corner;* that the witness put a crow-bar in the wall and threw down about three wagon loads of the stone; and that he rebuilt about ten perches of the wall. It was in evidence that the appellee, Meredith defendant in the action, before the justice, furnished the stone for the wall; that the wall was a single tier of rock, and that the rock was not large enough to build a good wall of a single tier. For the appellant, it was contended that the appellee should have furnished larger rock, &c. It does not appear from the evidence, that Meredith, the appellee, requested the mason to build a stone wall of a single tier of rock. The probability is, that he knew nothing of stone masonry, and confided entirely in the judgment of his mason; and if Feagan had not expressly contracted (as it appears from the evidence that he did) to build a good wall, the law would have implied for him a promise to do his work well. The circumstance of a part of the wall falling, according to the testimony of one witness

If a mechanic undertake to build a "good rough stone wall," and he builds one in a very unworkmanlike manner, he cannot recover any thing for his labor.

---

* During this Term there were but two Judges present, Judge Wash having resigned, and no one appearing to fill the vacancy.

in a month or two after it was built, and that another wall had yielded to the pressure either of the earth, or of the house on the wall, from one corner to the other, is conclusive evidence that it was too weak. But it was contended that, after the wall was finished, Meredith received the wall, did not object to the execution thereof, and paid a part of the money to Feagan, and promised to pay the remainder in a short time ; and this promise itself would be sufficient ground of action. It does not so appear to us. Had Meredith made the promise to pay after the wall fell, and after he knew the full extent of the injury he had received from the failure of the mason to build a good wall, there might have been some plausibility if not solidity in this argument. But when we consider that the money was paid, and the promise made immediately after the work was executed, under the impression too, that it had been well and faithfully done, it rather seems to make the case of the appellant Feagan worse than it would have been without a promise. For Feagan being a stone mason, must be presumed to have known, when he built the wall that it was too weak for the purpose it was designed to serve; while it may be fairly presumed that the other made the promise in the honesty and simplicity of his heart, believing himself under obligations to the mechanic for the faithful performance of his duty. In such cases, the law accords with the better feelings of mankind, making void promises made under a mistaken view of one's duty.

The judgment of the circuit court is in our opinion correct, and is therefore affirmed.

*Nor wil payment of part of the stipulated price, and a promise to pay the balance, before the defect in the work is discovered, constitute such an acceptance of the work as to impose any obligation on the employer to pay the balance.*